UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KURT A. MOROZKO,<br><br>                Petitioner,<br><br>vs.<br><br>DIRECTOR, STATE OF IDAHO DEPARTMENT OF CORRECTION,<br><br>                Respondent. | Case No. 1:22-cv-00118-DCN<br><br>**INITIAL REVIEW ORDER** |

      Petitioner Kurt A. Morozko has filed a Petition for Writ of Habeas Corpus challenging his Shoshone County District Court convictions of three counts of discharging a firearm and two counts of possession of an illegal substance. Dkt. 2.

      Federal habeas corpus relief is available to petitioners who are held in custody under a state court judgment that violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review each newly-filed habeas corpus petition to determine whether it should be served upon the respondent, amended, or summarily dismissed. *See* 28 U.S.C. § 2243.

      Petitioner brings the following numbered claims in his Petition: (1) and (3) ineffective assistance of trial counsel; (2) ineffective assistance of direct appeal counsel; (4) his conviction is based on insufficient evidence; (5), prosecutorial misconduct by (a) not disclosing evidence and (b) contradicting the sworn testimony of a witness in closing argument; and (6) having jury instructions that defined the elements of the crime in a

INITIAL REVIEW ORDER - 1

fundamentally defective way. Dkt. 2, pp. 3-4. Petitioner has stated a federal basis for each of his claims.

Petitioner has also filed a Motion for Stay and Abeyance. Dkt. 3. He states that five of his six claims have not been adjudicated by the Idaho Supreme Court because of delays caused by state district court inaction in the adjudication of his first post-conviction action. He now is attempting to pursue his claims in state court again.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Court determined that federal district courts have discretion to stay a mixed habeas petition containing exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court and later return to federal court for review of his perfected petition. *Id*. at 277. Staying the case preserves the original filing date of the claims asserted in the original Petition for the one-year federal statute of limitations period.

In determining whether to exercise discretion to grant a stay, the district court should consider whether the petitioner had good cause for his failure to exhaust, whether his unexhausted claims are potentially meritorious, and whether there is any indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id*. at 277-78.

Here, Petitioner has stated viable claims based on federal grounds, and the record does not reflect that he has purposely tried to delay this litigation. Good cause appearing from Petitioner's allegations of difficulties beyond his control that occurred in state court,[1] this Court will grant a stay to permit him to attempt to exhaust his claims.

---

[1] It is impossible to tell from the current record what happened in state court regarding the alleged delays that thwarted Petitioner's exhaustion efforts. *See State v. Morozko*, 2020 WL 5758000 (Idaho Ct. App.,

## ORDER

**IT IS ORDERED:**

1. Petitioner's Application to Proceed in Forma Pauperis (Dkt. 1) is GRANTED.

2. Petitioner's Motion for Stay and Abeyance (Dkt. 3) is GRANTED.

3. Within 30 days after Petitioner's final state court action is completed, Petitioner shall file a motion to proceed in this case. Failure to do so may result in dismissal of this case.

DATED: August 31, 2022

David C. Nye
Chief U.S. District Court Judge

---

Sept. 28, 2020), and *State v. Morozko*, 2022 WL 2165098 (Idaho Ct. App., June 16, 2022). Permitting Petitioner to move forward with a second round of exhaustion should not be interpreted to mean that the Court agrees with his position regarding fault for failure to exhaust the first time. Further, the Court has not screened this case for other potential procedural defects, such as timeliness.